Robert D. Creel
Heather L. Creel
10055 Normandy Lane
Suwanee, GA 30024
678 480 7848

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JAN - 7 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

| ROBERT D. CREEL, HEATHER L. CREEL | Case # 2:14-CV- 006 |
|---|---|
| | COMPLAINT |
| | 1. FDCPA VIOLATIONS |
| | 2. NEGLIGENCE |
| PLAINTIFF, | 3. FRAUD IN THE CONCEALMENT |
| VS. | 4. FRAUD IN THE INDUCEMENT |
| | 5. SLANDER OF TITLE |
| JPMORGAN CHASE BANK, NA, US BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN MORTGAGE TRUST 2005-A6 | 6. DECLATORY RELIEF |
| | 7. RECISSION |
| DEFENDANTS | |

Comes now Robert D. Creel and Heather L. Creel hereinafter referred to as "Plaintiff," and moves the court for relief as herein requested:

I. PARTIES

Plaintiff in the instant cause is Robert D. Creel and Heather L. Creel, hereinafter referred to as "Plaintiff." Plaintiff can be contacted at 10055 Normandy Lane Suwanee, GA 30024. Defendant is, JPMORGAN CHASE BANK, NA, US BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN MORTGAGE TRUST 2005-A6, and can be contacted by and through Martin and Brunavs 2800 North Druid Hills Road, NE Building B Suite 100 Atlanta, Georgia 30329.

## II.   JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1332 placing the District Court in the position of Jurisdiction over:

- A. claims of Federal Questions concerning Fair Debt Collection Practices Act, hereinafter referred to as " 15 U.S.C. 1692;" questions and claims of violation of Constitutionally protected Fundamental Rights;
- B. violations of Plaintiff's common-law Rights in matters involving Federal Corporations and Interstate Commerce in the form of lending and Banking;

violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code ("UCC" hereafter).

The amount in controversy exceeds $ 75,000.00.

This court also has supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367 .

Venue is properly laid in the Federal Court of the United States in the Judicial District ,pursuant to 28 U.S.C. § 1391(c).

Plaintiff avers that the court has in personam jurisdiction over the named Defendant(s)as Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:

- A. Defendant has entered into interstate commerce by causing to be transmitted through the United States Mail, - Title 18 § 1241;
- B. Defendant is subject to the FDCPA - Title 15 § 1692 et. seq. by acting as a Debt Collector, in that Defendant is not the originator of the alleged debt, neither is Defendant a bona fide agent of the originator or subsequent true holder of the alleged debt.

## III.   STATEMENT OF FACTS

On the 27th day of November 2013 Defendant sent to Plaintiff a demand for payment of an alleged debt obligation.  Said document contained the following heading: Notice of Acceleration and Foreclosure; Note and Security Deed from Robert D. Creel and Heather L. Creel to JPMorgan Chase Bank, N.A.

Said document demanded payment of United States dollars in the amount of $613.065.83

Subsequently, Defendant has scheduled Plaintiff's property for sale on the 7th day of January 2014. Defendant claimed to be an agent of the bona fide holder of a certain promise to pay a debt securitized by a certain deed of trust filed with the county registrar of deeds.  Said document was executed on 23rd day of June 2005.

## IV.   STATEMENT OF CLAIM

Plaintiff is prepared to take action against the above named lender or any entity shown to have actual standing as a bona fide holder of the above referenced promise to pay, however, Plaintiff does not know who that entity might be. There is certainly no valid evidence in the county record of agency of Defendant by the filing of a proper power of attorney from the above referenced lender.

If Defendant claims authority to prosecute the above referenced promise to pay, Plaintiff demands strict proof of said authority as contemplated by the Legislature when it passed the Fair Debt Collection Practices Act, specifically Section 15U.S.C. 1692g. An examination of the documents filed with the county registrar of deeds will show no authority on the part of Defendant to take any action affecting a claim against the title of property properly held by Plaintiff.

Without stipulating to anything concerning an alleged claim against said property, Plaintiff puts Defendant to his proof of agency to represent a principal with standing as evidenced in the court record to assert a claim and capacity to prosecute said claim by way of compliance with all the provisions of the above referenced security instrument and compliance with all relevant law as required by said security instrument.

Plaintiff is prepared to file an extensive suit against the true alleged holder of an alleged claim against the above referenced property based on the documents currently residing in the public record, however, it would be unconscionable to take said action against an innocent or uninterested party. Plaintiff has prosecuted this action in order to ascertain who the real party in interest in the above matter.

In as much as the above referenced forced sale of Plaintiff's property was instigated by Defendant under the claim of inability on the part of Defendant to collect on an alleged debt, under the provisions of the Fair Debt Collection Practices Act at 15 U.S.C. 1692g, Plaintiff sues to determine the true party in interest concerning the above alleged debt.

## V.   NO ISSUE OF AGENCY STANDING AND CAPACITY BEFORE THE COURT

Plaintiff has sued Defendant to demand that Defendant comply with long standing law and well established principals of commerce. In as much as Defendant demanded that Plaintiff tender United States money to Defendant in payment of a debt, Plaintiff properly demands that validation of the debt. Where Defendant has claimed agency for a principal, Plaintiff demands that Defendant prove that Defendant's alleged principal has standing as a proper holder of the alleged obligation. Plaintiff further demands proof of Defendant's agency to represent said principal.

### *AGENCY*

Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. See Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); Zuniga v. Navarro & Assocs., P.C., 153 S.W.3d 663 (TX App. – Corpus Christi 2005,

pet. denied) (citing Bernsen v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001, no pet.)); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing S. County Mut. Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 172 (TX 1988)); Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); Gray v. Black, 267 S.W. 291 (TX Civ. App. 1924) (agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [BML Stage Lighting, Inc., v. Mayflower Transit, Inc., 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." Coleman v. Klockner & Co. AG, 180 S.W.3d 577, 588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (Coleman). In short, the alleged agent's word, alone, never proves agency.

Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. Beard v. Banks, 542 U.S. 406 (2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Scott v. Harris, __ U.S. __, 127 S. Ct. 1769 (2007) (citing United States v. Diebold, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are against movant). Mullaney v. Wilbur, 421 U.S. 684 (1975) (citing In re Winship, 397 U.S. 358 (1970)) (to relieve the plaintiff of burden is to violate Due Process); Heiner v. Donnan, 285 U.S. 312 (1932) (fraud and/or negligence context).

### *CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY.*

Where there is no evidence, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6) (196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1) (26 S.E.2d 494) (1943). (1) Because there is no evidence in the record of Hilliard's agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., Process Posters, Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).

It is fundamental that agency cannot be proven by the [*239] declaration of the agent. LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)

Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id. United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)

Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe

that the particular person with whom the third party is dealing has the authority to enter into negotiations or to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec. 537. Such a manifestation by the principal may be found when the principal holds out an agent as a general [***5] agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; n2 or, where the [**843] principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove [*139] the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v. Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435.Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973)

It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349. Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)

In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, [***5] is [*695] not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent. Sax v. Davis, 81 Iowa 692 (Iowa 1891)

*CHALLENGE TO STANDING OF ALLEGED PRINCIPAL*

Plaintiff has reason to believe, based on the widely publicized practices of banks in the United States that no instrument exists wherein Plaintiff can be shown to have an obligation to Defendant and/or even if such an instrument were to exist, because of the recent practices of banks in the United States, Plaintiff cannot be sure, absent proof, that Defendant has authority to collect said debt.

Current practices concerning consumer mortgages wherein the promise to pay (note) is immediately sold into an investment pool then the pool is divided up among a host of investors then pieces are sold back and forth between parties leaves the true holder of the note in question.  With the current, highly publicized practices of registering the note with Mortgage Electronic Registration Service (MERS) for the purpose of

hiding the true holder of the note behind MERS as a so-called "nominee" has been discredited by the courts. (see Landmark v Kessler and others) The courts have held the practice of using a straw man holder of the note to hide the multiple sales of the note on the secondary consumer mortgage market as a scam to avoid the requirement that the sale of a security instrument based on a consumer mortgage transaction be a public transaction.

Plaintiffs challenge Defendant's authority, both as to actual authority and as to apparent authority. Actual authority arises where the principal authorizes the agent. See Cameron County Sav. Ass'n v. Stewart Title Guaranty Co., 819 S.W.2d 600, 603 (TX App. – Corpus Christi 1991, writ denied). Plaintiff demands that Defendant establish the entire chain of agency, from inception of the note up to the current alleged holder. Without said proof, no one has signature authority. Apparent authority doesn't exist, either.

Defendant now has the burden to prove agency. See Schulz, etc., supra. Again, where that burden is presumed and not compelled proved, the burden, by this request, has been shifted. Cf. Coleman.

Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and by threatening to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5)). By causing to be sent to Plaintiff, through the United States mail, fraud and/or negligenceulent demands for payment for which Defendant had no authority to make. Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraud and/or negligenceulent demands for payment from Plaintiff in order to facilitate the herein alleged fraud and/or negligence. Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt, which over the term of the alleged debt would amount to (full amount of principal and interest over term of alleged note), $844,086.99.

Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

Plaintiff alleges and avers that Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant.

## VI. PLAINTIFF DEMANDS STRICT VERIFIED PROOF

Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

A. that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

B. that Defendant is the singular and true holder of said debt instrument; Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that:

Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

The alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name, Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

In the event that Defendant were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

## VII.   CAUSES OF ACTION

### *FDCPA – CAUSE OF ACTION*

Comes now Plaintiff, and hereby complains and alleges that the Defendant did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated 8-Jun-11 by U.S.P.S. to the Plaintiff which asked for a lump sum of money. Defendant failed to prove up the existence of a debt to which Plaintiff was liable. Defendant failed to provide evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant further failed to show that said bona holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiff. Defendant further failed to itemize the various charges that comprised the total amount of the alleged debt. Defendant failed to clearly and fairly communicate information about the amount of the alleged debt to Plaintiff. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e). Defendant used false, deceptive and misleading representations in connection with collection of any debt, 15 U.S. C § 1692e. By demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and valid threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt, Defendant acted in clear violation of 15 U.S.C. 1692(f), Fields v. Wilber Law Firm, USCA-02-C-0072, Circuit Court, Sept 2, 2004B.

### *NEGLIGENCE - CAUSE OF ACTION*

Defendant, caused to be sent to Plaintiff, through the United States Mail, a letter demanding that Plaintiff pay United States Money to defendant as stipulated above. Defendant by said act intended to miss-lead Plaintiff into believing that Plaintiff was under obligation to forfeit Plaintiff's personal property to Defendant in the form of money of the United States. Defendant made the above referenced demand on Plaintiff under the guise of being a debt collector, attempting to collect a debt.

Defendant made a false representation to Plaintiff demanding payment on a debt. Defendant knew, or should have known that said demand was made without agency on the part of the alleged agent, and

standing and/or capacity on the part of Defendant's alleged principal. Defendant intended that Plaintiff accept the representation of Defendant as true. Plaintiff believed Defendant. Plaintiff was subjected to stress and harm by being forced to take action to establish the agency, standing and capacity of the demand which was required by law to be revealed to Plaintiff. Plaintiff was harmed thereby.

Defendant, by falsely demanding payment from Plaintiff when Defendant lacked standing and/or capacity to make such demand was an act of criminal fraud and/or negligence which resulted in the civil tort alleged here under as the cause of action of common law fraud and/or negligence or fraud and/or negligence per se.

### *FRAUD IN THE CONCEALMENT - CAUSE OF ACTION*

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

Defendants concealed the fact that the Loans were securitized as well as the terms of the securitization Agreements, including, inter alia: (1) Financial Incentives paid: (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions. By concealing the securitization, Defendant concealed the fact that Borrower's loan changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans. Changing the character of the loan in this way had a materially negative effect on Plaintiff that was known by Defendant but not disclosed.

Defendant knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the loans.

Plaintiff's reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiff could have been alerted to issues of concern. Plaintiff would have known of Defendants true intentions and profits from the proposed risky loan. Plaintiff would have known that the actions of Defendant would have an adverse effect on the value of Plaintiff's home.

Defendants' failure to disclose the material terms of the transaction induced Plaintiff to enter into the loans and accept the Services as alleged herein.

Defendants were aware of the misrepresentations and profited from them.

As a direct and proximate result of the misrepresentations and concealment Plaintiff was damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, emotional distress, and plaintiff has incurred costs and attorney's fees.

Defendants are guilty of malice, fraud and /or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to

injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

### *FRAUD IN THE INDUCEMENT - CAUSE OF ACTION*

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

Defendant misrepresented that they are "holder and owner" of the Note and the beneficiary of the Deed of Trust. However, this was not true and was a misrepresentation of the material fact. Documents state that the original lender allegedly sold the mortgage loan to a Trust. Defendant is attempting to collect on a debt to which they have no legal, equitable or pecuniary interest in. This type of conduct is outrageous. Defendant is fraudulently foreclosing on the Property which they have no monetary or pecuniary interest. This type of conduct is outrageous.

Defendant's failure to disclose the material terms of the transaction induced Plaintiff to enter into the loans and accept the Services alleged therein.

The material misrepresentations were made by Defendants with the intent to cause Plaintiff to reasonably rely on the misrepresentation in order to induce the Plaintiff to rely on the misrepresentations and foreclose on the Property. This material misrepresentation was made with the purpose of initiating the securitization process in order to profit from the sale of the Property by selling the note to sponsors who then pool the note and sell it to investors on Wall Street and other New York investment banks.

Defendant were aware of the misrepresentations and profited from them.

As a direct and proximate result of the misrepresentations and concealment, Plaintiff was damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, emotional distress, and Plaintiff has incurred costs and attorney's fees.

Defendant is guilty of malice, fraud and/ or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in the future misconduct.

### *SLANDER OF TITLE - CAUSE OF ACTION*

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

Plaintiff incorporates here each and every allegation set forth above. Defendant, and each of them, disparaged Plaintiffs exclusive valid title by valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of default, Notice of Trustee's Sale.

Said defendant knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff's legal title to the Property. By posting, publishing, and recording said documents, Defendants' disparagement of Plaintiff's legal title was made to the world at large.

As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in amount to be proved at trial.

As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses in order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff's title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this time.

As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to her health and well-being, and continues to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

At the time that the false and disparaging documents were created and published by the Defendant, Defendant knew the documents were false and created and published them with the malicious intent to injure Plaintiff and deprive them of their exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means.

The conduct of the Defendants in publishing the documents described above was fraudulent, oppressive, and malicious. Therefore, Plaintiff is entitled on an award of punitive damages in the amount sufficient to punish Defendants for their malicious conduct and deter them from such misconduct in the future.

## *DECLATORY RELIEF - CAUSE OF ACTION*

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Trust Deed.

Plaintiff contends that pursuant to the Loans, Defendants do not have authority to foreclose upon and sell the Property.

Plaintiff therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

Plaintiff requests a determination of whether any Defendant has authority to foreclose on the Property.

Plaintiff requests all adverse claims to the real property be determined by this court.

Plaintiff requests the decree declare and adjudge that plaintiff is entitled to the exclusive possession of the property.

Plaintiff requests the decree declare and adjudge that Plaintiff owns in a fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

Plaintiff requests the decree declare and adjudge that Defendant and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## *RECISSION - CAUSE OF ACTION*

Plaintiff re-alleges and incorporate by reference all the preceding paragraphs as though fully set forth herein.

Plaintiff is entitled to rescind the loan and all accompanying loan documents for all of the foregoing reasons: 1) FDCPA Violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; 4) Fraudulent Inducement; 5) Making Illegal or fraudulent transfers of the note and deed of trust and 6) Public Policy Grounds, each of which provides independent grounds for relief.

The Truth In Lending Act, 15 U.S.C § 1601, et.seq. extends Plaintiff's right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loan terms or borrower's rights to rescind. Here Defendant have failed to properly disclose the details of the loan. Specifically, the initial disclosures do not include TILA disclosures, and lack of diligence and collusion on the part of the broker, lender and underwriter to place Plaintiff in a loan she could not afford and would ultimately benefit Defendants following the negative amortization that accrued.

The public interest would be prejudiced by permitting the alleged contract to stand; such action would regard and unscrupulous lender.

### VIII.   STIPULATION SUBJECT TO DISCOVERY

In the interest of judicial economy and of limiting the scope of this litigation, Plaintiff is prepared to stipulate Defendant's non-suit this instant action if Defendant simply provides proof of the agency, standing, and/or capacity claimed by Defendant.

As a proximate result of Defendants' actions, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

### IX.   CONCLUSION

Absent proof agency on the part of the agent to represent a principal with standing as the bona fide holder of the above referenced debt obligation and capacity by a showing of compliance with all the provisions of the above referenced security instrument and compliance with all relevant law, the above referenced forced sale of Plaintiff's

property was wrongfully prosecuted by Defendant and, therefore, at the sale the alleged buyer of the property purchased only what Defendant or Defendant's agent had to sell which was nothing. The above referenced sale was void and of no force and effect.

### X.   JURY DEMAND

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

### XI.   PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendant and Defendant's co-conspirators as follows:

1. For an order declaring the foreclosure prosecuted by Defendant, void and of no force and effect;
2. For quite title as to the above referenced claims by Defendant;
3. For $1,250,000.00 for the above referenced violation of the Fair Debt Collection Practices Act on proof at trial;
4. For pre-judgment and post-judgment interest according to proof at trial;
5. For attorney's fees and costs as provided by statute; and,
6. For such other relief as the Court deems just and proper.

Respectfully

**Robert D. Creel**

HEATHER L CREEL

# VERIFICATION

I, Robert D. Creel do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*[signature]*

Robert D. Creel
10055 Normandy Lane
Suwanee, GA 30024

*[signature]*
HEATHER CREEL
10055 Normandy Ln
Suwanee GA 30024

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.
I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

*Alan W Dupre*
NOTARY PUBLIC IN AND FOR
THE STATE OF GEORGIA
1-6-2014

Notary Seal

*[Notary seal: ALAN W DUPRE, NOTARY PUBLIC, FORSYTH COUNTY, GEORGIA, MY COMMISSION EXPIRES AUGUST 31, 2015]*

1-6-2014

## CERTIFICATE OF SERVICE

I Robert D Creel, hereby certify that a true and correct copy of above and foregoing has been delivered to Martin and Brunavs 2800 North Druid Hills Road, NE Building B, Suite 100 Atlanta, Georgia 30329. on this the 6 day of _January_ 2013, by certified mail (Certified Mail Receipt # 2013 1710 0001 4003 0721), in accordance with the rules governing same.

_____
Robert D. Creel
10055 Normandy Lane
Suwanee, GA 30024

HEATHER L Creel
10055 Normandy Ln
Suwanee, GA 30024