FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JAN -7 2014

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

Robert D. Creel
Heather L. Creel
10055 Normandy Lane
Suwanee, GA 30024

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ROBERT D. CREEL**<br>**HEATHER L. CREEL**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**JPMORGAN CHASE BANK, NA,**<br>**US BANK NATIONAL**<br>**ASSOCIATION, AS TRUSTEE,**<br>**SUCCESSOR IN MORTGAGE TRUST**<br>**2005-A6**<br><br>**DEFENDANT** | CASE # 2:14-CV- 006<br><br>**POINTS AND AUTHOIRTIES** |

The above action has been taken based on the following consideration of facts and law:

## I.   FACTUAL ACCUSATION

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged." (Gonzales v. Kay, 577 F.3d 600(5th Cir. 2009)

### *VALIDATION OF DEBT REQUIRED*

Defendant made a presentment to Plaintiff.

§ 3-501. PRESENTMENT.

(a) "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

In order for Defendant to make the above demand, Defendant must have some authority by way of a contractual agreement between Plaintiff and Defendant and upon request, must prove up said claim.

§ 3-501. PRESENTMENT

(b)(2) Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

Up to the date of the filing of this instant action Defendant is non-responsive to Plaintiff's request for validation of the debt. Defendant's failure to properly validate the debt allegedly owed to Defendant gives Plaintiff reason to believe that Defendant lacks the agency, standing, and/or capacity claimed.

> In deciding whether the collection letters violate the FDCPA, we examine them from the standpoint of an unsophisticated consumer. See Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir.2003); Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir.1997). "This assumes that the debtor is uninformed, naive, or trusting[.]" Veach, 316 F.3d at 693 (internal quotations omitted). However, an unsophisticated consumer possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir.2000). see Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court, Sept 2004

In as much as Defendant's dunning letter failed to provide evidence of a debt obligation and authority of Defendant to collect on said debt obligation, Plaintiff may not, in good faith, respond with payment. In the event an actual debt existed to which Plaintiff was liable, Plaintiff would be subject to dishonor if Plaintiff made tender to Defendant without exercising due diligence in determining that Defendant was an agent for a proper principal holding the a valid debt instrument such that Plaintiff could be in honor upon submitting said payment.

> § 3-602. PAYMENT.
>
> (a) Subject to subsection (b), an instrument is paid to the extent payment is made (i) by or on behalf of a party obliged to pay the instrument, and (ii) to a person entitled to enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section 3-306 by another person.
>
> (b) The obligation of a party to pay the instrument is not discharged under subsection (a) if:
>
> (1) a claim to the instrument under Section 3-306 is enforceable against the party receiving payment and (i) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or (ii) in the case of an instrument other than a cashier's check, teller's check, or certified check, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the person entitled to enforce the instrument; or
>
> (2) the person making payment knows that the instrument is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.

Plaintiff, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate an act of negligence against Plaintiff by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt. Even if a debt did exist, Plaintiff would not execute payment if Plaintiff tendered payment to a person or entity not properly authorized to take payment.

> § 3-603. TENDER OF PAYMENT.
>
> (a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
>
> (b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an endorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.
>
> (c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date

at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Emphasis added)

Plaintiff has properly stated a claim against Defendant as Plaintiff alleged who, defendant; what, made presentment to Plaintiff without establishing authority to make said claim; when, on date of dunning letter referenced above; where, within the jurisdiction and venue of this court. Plaintiff herein pleads that defendant intended that Plaintiff act on the defendant's presentment, that Plaintiff believed defendant intended to take action if Plaintiff did not submit to defendant's demands, and Plaintiff was subjected to a civil rights violation as a proximate result of Defendant's failure to abide by standing law.

### *FDCPA*

Determining that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the Fair Debt Collection Practices Act (FDCPA) to eliminate those practices. 15 U.S.C. § 1692(a). The FDCPA protects consumers who have been subjected to abusive, deceptive or unfair debt collection practices by a debt collector in an attempt to collect a debt. *See Piper v. Portnoff*, 396 F.3d 227, 232 (3d Cir. 2005) (citing 15 U.S.C. §§ 1692e-f).

Defendant, in the instant case, is not a party Plaintiff knowingly entered into a contract with. The allegation of Defendant is that Defendant is collecting a debt concerning a consumer mortgage agreement. Defendant is expected to argue that Defendant is and assignee or substitute trustee appointed to recover collateral in the matter of a debt backed by real property. Any such assertion presumes the very issue before the court. The issue is not rather or not Defendant is attempting to recover collateral, but rather Defendant has agency, standing, and capacity to act in the capacity claimed. Any argument that does not address agency, standing, and capacity is frivolous, presumes the very agency, standing, and capacity which is the only issue before this court and should be rejected out of hand with accompanying sanctions.

## II.   NO ISSUE OF ACTUAL DEBT BEFORE THE COURT

Plaintiff has sued Defendant to demand that Defendant comply with long standing law and well established principals of commerce. In as much as Defendant demanded that Plaintiff tender United States money to Defendant in payment of a debt, Plaintiff properly demanded validation of the debt. Where Defendant has claimed agency for a principal, Plaintiff demands that Defendant prove that Defendant's alleged principal has standing as a proper holder of the alleged obligation. Plaintiff further demands proof of Defendant's agency to represent said principal.

### *AGENCY*

Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. See Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); Zuniga v. Navarro & Assocs., P.C., 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied) (citing Bernsen v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001,

no pet.)); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing S. County Mut. Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 172 (TX 1988)); Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); Gray v. Black, 267 S.W. 291 (TX Civ. App. 1924) (agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [BML Stage Lighting, Inc., v. Mayflower Transit, Inc., 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." Coleman v. Klockner & Co. AG, 180 S.W.3d 577, 588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (Coleman). In short, the alleged agent's word, alone, never proves agency.

Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. Beard v. Banks, 542 U.S. 406 (2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Scott v. Harris, __ U.S. __, 127 S. Ct. 1769 (2007) (citing United States v. Diebold, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are against movant). Mullaney v. Wilbur, 421 U.S. 684 (1975) (citing In re Winship, 397 U.S. 358 (1970)) (to relieve the plaintiff of burden is to violate Due Process); Heiner v. Donnan, 285 U.S. 312 (1932) (fraud and/or negligence context).

### *CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY.*

Where there is no evidence, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6) (196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1) (26 S.E.2d 494) (1943). (1) Because there is no evidence in the record of Hilliard's agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., Process Posters, Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).

It is fundamental that agency cannot be proven by the declaration of the agent. LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)

Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id.United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)

Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe that the particular person with whom the third party is dealing has the authority to enter into negotiations or

to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec. 537. Such a manifestation by the principal may be found when the principal holds out an agent as a general agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; or, where the principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v. Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435.<u>Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973)</u>

It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349. <u>Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)</u>

### *CHALLENGE TO STANDING OF ALLEGED PRINCIPAL*

Plaintiff has reason to believe, based on the widely publicized practices of banks in the United States that no instrument exists wherein Plaintiff can be shown to have an obligation to Defendant and/or even if such an instrument were to exist, because of the recent practices of banks in the United States, Plaintiff cannot be sure, absent proof, that Defendant has authority to collect said debt.

Current practices concerning consumer mortgages wherein the promise to pay (note) is immediately sold into an investment pool then the pool is divided up among a host of investors then pieces are sold back and forth between parties leaves the true holder of the note in question. With the current, highly publicized practices of registering the note with Mortgage Electronic Registration Service (MERS) for the purpose of hiding the true holder of the note behind MERS as a so-called "nominee" has been discredited by the courts. (see Landmark v Kessler and others) The courts have held the practice of using a straw man holder of the note to hide the multiple sales of the note on the secondary consumer mortgage market as a scam to avoid the requirement that the sale of a security instrument based on a consumer mortgage transaction be a public transaction.

Plaintiff challenges Defendant's authority, both as to actual authority and as to apparent authority. Actual authority arises where the principal authorizes the agent. See Cameron County Sav. Ass'n v. Stewart Title Guaranty Co., 819 S.W.2d 600, 603 (TX App. -- Corpus Christi 1991, writ denied). Plaintiff demands

that Defendant establish the entire chain of agency, from inception of the note up to the current alleged holder. Without said proof, no one has signature authority. Apparent authority doesn't exist, either.

Respectfully,

_____        _____
Robert D. Creel                Heather L. Creel