IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| ROBERT D. CREEL and | : | |
| HEATHER L. CREEL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:14-CV-00006-WCO-JCF |
| JPMORGAN CHASE BANK, NA | : | |
| and US BANK NATIONAL | : | |
| ASSOCIATION as trustee, | : | |
| successor in Mortgage Trust 2005- | : | |
| A6, | : | |
| | : | |
| Defendants | : | |

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendants' motion to dismiss Plaintiffs'

Complaint.  (Doc. 3).  Because Plaintiffs' Complaint fails to state a claim upon

which relief can be granted, it is **RECOMMENDED** that Defendants' motion be

**GRANTED**.

### Factual and Procedural History[1]

---

[1] These facts are taken from Plaintiffs' Complaint (Doc. 1), and from copies of the Security Deed and Assignment attached to Defendants' motion (Docs. 3-2 and 3-3).  In ruling on a motion to dismiss, the court may consider documents attached to the motion if those documents are central to the complaint and not in dispute.  *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25, 2012) (noting that the court is authorized to consider documents attached to motions to dismiss where "the document is central to Plaintiff's claims, and the

On June 23, 2005, Plaintiff obtained a loan from JPMorgan Chase Bank, N.A. ("Chase") in the amount of $580,800.00, secured by real property at 10055 Normandy Lane, Suwanee, Georgia 30024, as evidenced by a Security Deed Plaintiffs executed in favor of Chase. (*See* Doc. 3-2). The Security Deed was recorded on July 6, 2005 in Forsyth County, Deed Book 3854, Pages 314-337. (*Id.*). On July 6, 2011, Chase assigned the Security Deed to Wachovia Bank, National Association, as Trustee for J.P. Morgan Mortgage Trust 2005-A6, as evidenced by an Assignment recorded on July 18, 2011 in Forsyth County, Deed Book 6003, Page 662. (*See* Doc. 3-3). U.S. Bank as Trustee, successor in interest to Wachovia as Trustee, holds the Deed, while Chase has remained the servicer of the loan. (*See* Doc. 3-1 at 2-3). On November 27, 2013, an unidentified Defendant "sent to Plaintiff a demand for payment of an alleged debt obligation" in the amount of $613.065.83, with the heading "Notice of Acceleration and Foreclosure; Note and Security Deed from Robert D. Creel and Heather L. Creel to JPMorgan Chase Bank, N.A." (Doc. 1 at 2). An unidentified Defendant then "scheduled Plaintiff's property for sale on the 7th day of January 2014." (*Id.*).

On January 7, 2014, Plaintiffs filed this Complaint against Defendants asserting the following claims: Fair Debt Collection Practices Act ("FDCPA"),

---

authenticity of the document has not been challenged"). The Court may also take judicial notice of public records, such as real estate records and court filings. *See Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006).

negligence, fraud in the concealment, fraud in the inducement, slander of title, declaratory relief, and rescission. (*See* Doc. 1 at 1, 8-12). Defendants then filed a motion to dismiss Plaintiffs' Complaint. (Doc. 3). Plaintiffs have not responded to Defendants' motion.

## Discussion

### I.    Plaintiffs' Failure To Respond To The Motion

This Court's Local Rules required Plaintiffs to either oppose or respond to Defendants' motion to dismiss within seventeen (17) days, including time for service of the response. *See* LR 7.1B, NDGa.; *see also* FED. R. CIV. P. 6(d). Plaintiffs did not respond, so Defendants' motion to dismiss is therefore unopposed. *See Simpson v. Countrywide Home Loans*, Civ. Act. No. 1:10-CV-0224-CAM-ECS, 2010 U.S. Dist. LEXIS 81389, at *9 (N.D. Ga. Apr. 26, 2010) (claims in a motion to dismiss that are not addressed by plaintiff are deemed unopposed), *adopted by* 2010 U.S. Dist. LEXIS 81384 (N.D. Ga. Aug. 11, 2010); *see also* LR 7.1B ("Failure to file a response shall indicate that there is no opposition to the motion.").

An unopposed motion to dismiss is not automatically due to be granted: "rather, the Court is still required to consider the merits of the motion." *Jackman v. Hasty*, No. 1:10–CV–2485–RWS, 2012 U.S. Dist. LEXIS 57893, at *5 (N.D. Ga. Apr. 24, 2012); *see also Davis v. Bank of America, N.A.*, No. 1:11–cv–4552–

JEC–RGV, 2012 U.S. Dist. LEXIS 128290, at *6 (N.D. Ga. Sept. 10, 2012) (the moving party does not automatically prevail on an unopposed motion to dismiss). Accordingly, the undersigned still must determine whether dismissal of Plaintiffs' Complaint is proper.

## II.    <u>Motion To Dismiss Standard</u>

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. "Additionally, because Plaintiffs are acting pro se, their 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012

4

U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' "  *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

### III.  <u>Plaintiffs' Complaint</u>

Plaintiffs' Complaint fails to satisfy the above-described pleading standards in several respects.

First, as argued by Defendants (*see* Doc. 3-1 at 7-9), Plaintiffs' Complaint is a classic example of a "shotgun" pleading.  A "shotgun" complaint is one where, as in Plaintiffs' Complaint, "each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading."  *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010).  "This circuit condemns shotgun pleading."  *Id.*

Moreover, Plaintiffs' Complaint sets forth few facts about the loan or foreclosure proceedings at issue, other than the allegations that an unidentified Defendant has demanded payment on the loan and notified Plaintiffs of a pending foreclosure sale of the property.  In particular, Plaintiffs have not alleged what actions each Defendant took or failed to take that give rise to each of their claims.

Instead, their Complaint consists of largely conclusory allegations of wrongdoing by an unspecified "Defendant," apparently related to the loan at issue and efforts to foreclose on the subject property.  (*See* Doc. 1 at 3-12).

Although the factual and legal bases for Plaintiffs' claims are unclear, it appears that most, if not all, of Plaintiffs' claims rest on their contention that one or both of the Defendants have not proven that they are the "proper holder of the alleged obligation," i.e., that they hold the promissory note, and therefore have failed to show that they were authorized to demand payment from Plaintiffs or to foreclose on their property.  (*See id.*).  The courts have repeatedly rejected similar claims, explaining that the plaintiff did not have standing to challenge the assignment of the security deed to the foreclosing party, and because the foreclosing party held the security deed, it was authorized to foreclose on the property, regardless of whether it also held the promissory note.  *See, e.g.*, *Milburn v. Aegis Wholesale Corp.*, No. 1:12-CV-01886-RWS, 2013 U.S. Dist. LEXIS 36664, at *9 (N.D. Ga. Mar. 18, 2013) (explaining that "as a stranger to the Assignment, Plaintiff lacks standing to challenge it"); *Clarke v. Branch Banking & Trust Co.*, No. 1:12-CV-03383-JEC-RGV, 2013 U.S. Dist. LEXIS 49875, at *22 (N.D. Ga. Mar. 4, 2013) (noting that the plaintiff's "claim appears to be an attempt to repackage a 'produce the note' argument that has been repeatedly rejected by this court, and is therefore due to be dismissed" (listing cases)); *LaCosta v.*

*McCalla Raymer, LLC*, No. 1:10-CV-1171-RWS, 2011 U.S. Dist. LEXIS 5168, at

*15-18 (N.D. Ga. Jan. 18, 2011) (rejecting plaintiff's wrongful foreclosure claim

based on "splitting" of note and security deed and finding that holder of security

deed was authorized to exercise power of sale); *You v. JP Morgan Chase Bank,*

*N.A.*, No. S13Q0040, 2013 Ga. LEXIS 454, at *16-17 (Ga. May 20, 2013) (holding

that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized

to exercise the power of sale in accordance with the terms of the deed even if it

does not also hold the note or otherwise have any beneficial interest in the debt

obligation underlying the deed").

In addition, as discussed below, Plaintiffs have failed to state a claim under

each of the individual claims they assert.

## A.   FDCPA Claim

To prevail on a FDCPA claim, a plaintiff must show that:

> (1) he has been the object of collection activity arising from a
> consumer debt; (2) the defendant attempting to collect the debt
> qualifies as a "debt collector" under the Act; and (3) the defendant has
> engaged in a prohibited act or has failed to perform a requirement
> imposed by the FDCPA.

*Buckley v. Bayrock Mortg. Corp.*, No. 1:09-CV-1387-TWT, 2010 U.S. Dist.

LEXIS 10636, at *21 (N.D. Ga. Feb. 5, 2010) (quotation omitted).   A "debt

collector" is "any person who uses any instrumentality of interstate commerce or

the mails in any business the principal purpose of which is the collection of any

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Under 15 U.S.C. § 1692f(6), the term "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the enforcement of security interests."

Here, Plaintiffs' FDCPA claim fails because they failed to allege facts to show that Defendants are "debt collectors" for purposes of the FDCPA.  *See, e.g.*, *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 1:11-cv-4091-TWT-ECS, 2012 U.S. Dist. LEXIS 122130, at *12 (N.D. Ga. Aug. 6, 2012) ("Plaintiff's complaint does not contain sufficient factual allegations to allow a reasonable inference that Defendants are 'debt collectors' within the meaning of the FDCPA."); *Mills v. JP Morgan Chase Bank*, No. 1:11–CV–3709–JEC–LTW, 2012 U.S. Dist. LEXIS 135752, at *28 (N.D. Ga. July 23, 2012) (recommending that plaintiffs' FDCPA claim because they "fail[ed] to allege any specific facts indicating that Barrett Daffin regularly attempts to collect debts, that the principal purpose of its business is the collection of debts, or that the principal purpose of its business is the enforcement of security interests"), *adopted by* 2012 U.S. Dist. LEXIS 135750 (N.D. Ga. Aug. 14, 2012).

In addition, Plaintiffs fail to allege any facts, as opposed to conclusory assertions, as to how Defendants violated the FDCPA.  Instead, Plaintiffs' FDCPA

claim provides nothing more than "threadbare recitals" of select statutory provisions of the Act.  (*See* Doc. 1 at 8).  This is plainly insufficient to state a claim.  *See, e.g.*, *Kennedy v. United States*, 478 Fed. Appx. 584, 586 (11th Cir. 2012) (affirming the dismissal of a plaintiff's FDCPA and National Bank Act claims where she "failed to state what action or inaction of the defendants allegedly violated these statutes"); *Dynott v. Nationstar Mortg., LLC*, No. 1:13-cv-1474-WSD, 2014 U.S. Dist. LEXIS 34058, at *5-6 (N.D. Ga. Mar. 17, 2014) (dismissing FDCPA claim because the plaintiff did "not allege sufficiently specific actions that Defendants took to violate the statute[]"); *Ferguson v. CitiMortgage, Inc.*, No. 1:12-CV-2464, 2013 U.S. Dist. LEXIS 185152, at *20-21 (N.D. Ga. Jan. 8, 2013) (finding that plaintiff failed to state a FDCPA claim because his complaint did "not state what specific activities supposedly violated the statute," or "specify how each Defendant supposedly violated the statute"), *adopted by* 2013 U.S. Dist. LEXIS 185151 (N.D. Ga. Feb. 4, 2013).

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss Plaintiffs' FDCPA claim be **GRANTED**.

### B.   Negligence

Under Georgia law, the necessary elements of a negligence claim "are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages."  *Ceasar v. Wells*

*Fargo Bank, N.A.*, 322 Ga. App. 529, 533, 744 S.E.2d 369 (Ga. Ct. App. 2013).

Plaintiffs have failed to allege any facts that support any of those elements.  In

support of their negligence claim, Plaintiffs assert that "Defendant, by falsely

demanding payment from Plaintiff when Defendant lacked standing and/or

capacity to make such demand was an act of criminal fraud and/or negligence

which resulted in the civil tort alleged here under as the cause of action of

common-law fraud and/or negligence and/or negligence per se."  (Doc. 1 at 9).

Those allegations are insufficient to state a negligence claim.  Critically, they fail

to identify the legal duty owed to them by Defendants or how Defendants breached

that duty.  Moreover, "[t]here is no confidential relationship giving rise to a duty

between a lender and a borrower."  *Smith-Tyler v. Bank of Am., N.A.*, No. 1:12-

CV-1347-TWT, 2014 U.S. Dist. LEXIS 6022, at *14 (N.D. Ga. Jan. 16, 2014)

(citing, *inter alia*, *Pardue v. Bankers First Fed. Sav. & Loan Ass'n*, 175 Ga. App.

814, 334 S.E. 2d 926 (1985) ("There is . . . no confidential relationship between

lender and borrower or mortgagee and mortgagor for they are creditor and debtor

with clearly opposite interests.")).

 To the extent that Plaintiffs are attempting to establish a negligence claim

for breach of a contractual duty, they must show that, in addition to breaching the

contract, Defendants breached an independent duty imposed by law.  *See Phillips*

*v. Ocwen Loan Servicing, LLC*, No. 1:12–cv–3861–WSD, 2013 U.S. Dist. LEXIS

129721, at *14 (N.D. Ga. Sept. 11, 2013) ("However, '[a] defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law.") (quoting *Fielbon Dev. Co. v. Colony Bank of Houston Cnty.*, 290 Ga. App. 847, 855, 660 S.E.2d 801 (Ga. Ct. App. 2008)); *see also Adams v. JP Morgan Chase Bank*, Civil Action No. 1:10–CV–04226–RWS, 2011 U.S. Dist. LEXIS 67982, at *11-12 (N.D. Ga. June 24, 2011) ("It is well settled that mere failure to perform a contract does not constitute a tort.  A plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law.") (quotations omitted).

Here, all of the duties Defendants owed to Plaintiffs arose from the Note and Security Deed that Plaintiffs entered into with Chase.  *See Phillips*, 2013 U.S. Dist. LEXIS 129721, at *15 (explaining that the duties loan servicer owed to the plaintiff in the servicing of his loan "ar[ose] from the Note and Security Deed Plaintiff entered into with Upland, and which duties OLS assumed when OLS became Plaintiff's loan servicer").  As a result, to survive the motion to dismiss, Plaintiffs needed to point to an independent duty created by law that Defendants violated, yet they failed to do so.  (*See* Doc. 1 at 8-9).  In addition, it is well

established that there is no independent duty to non-negligently service a loan.  *See Smith-Tyler*, 2014 U.S. Dist. LEXIS 6022, at *15 ("To be sure, this Court has previously found that there is no duty to non-negligently service a loan.") (citing *Kynes v. PNC Mortg.*, No. 1:12–CV–4477–TWT, 2013 U.S. Dist. LEXIS 125049 (N.D. Ga. Aug. 30, 2013) (dismissing negligence claim because the plaintiff did not establish an independent duty to not negligently service a loan)); *see also McGinnis v. Am. Home Mortg. Servicing, Inc.*, No. 5:11–CV–284 (CAR), 2012 U.S. Dist. LEXIS 16193, at *17 (M.D. Ga. Feb. 9, 2012) (finding the plaintiff's allegations that the loan servicer had a duty to "service her loan in a non-negligent manner and to exercise ordinary care in the servicing of her loan" did not state a claim for negligence because "[t]hese duties … do not sustain separate tort duties outside of [the defendant's] administration of the Mortgage").

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss Plaintiffs' negligence claim be **GRANTED**.

### C.    Fraud Claims

Plaintiffs assert "fraud in the concealment" and "fraud in the inducement" claims and make a number of allegations of fraud throughout their Complaint. (*See* Doc. 1 at 9-10).  Yet these conclusory allegations fail to satisfy the pleading requirements for pleading fraud set forth in Federal Rule of Civil Procedure 9(b). R. CIV. P. 9(b).  To satisfy Rule 9(b), a plaintiff must allege

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Haynes v. JPMorgan Chase Bank, N.A.*, 466 Fed. Appx. 763, 765 (11th Cir. 2012) (unpublished opinion). Plaintiffs fail to identify with any particularity what misrepresentations Defendants made or to allege any facts that would satisfy the elements of Rule 9(b)'s pleading requirements; their conclusory allegations of fraud are wholly insufficient. *See Phillips*, 2013 U.S. Dist. LEXIS 129721, at *12-13 (dismissing fraud claim where the plaintiff relied only on conclusory allegations and did not "allege any false statement made by OLS" or "when th[e] statement was made or who made it" and "what OLS gained by allegedly making a false statement").

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss Plaintiffs' "fraud in the concealment" and "fraud in the inducement" claims be **GRANTED**.

## D.  <u>Slander Of Title</u>

"The owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51-9-11. The elements of a slander of title claim are:

(1) publication of slanderous or libelous words; (2) that they were malicious; (3) that the plaintiff sustained special damages thereby; and (4) that the plaintiff possessed an estate in the property slandered or libeled.

*Lee v. Washington Square Homeowners' Ass'n, Inc.*, 273 Ga. App. 392, 615 S.E.2d 210, 213 (Ga. App. 2005) (internal quotation omitted).   Plaintiffs allege that "Defendant, and each of them, disparaged Plaintiffs exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of default, Notice of Trustee's Sale."  (Doc. 1 at 10).  Plaintiffs have not alleged facts to support the elements of a slander of title claim—they have failed to allege that any defendant published slanderous or libelous words that were malicious; they have not identified the allegedly slanderous or libelous words; and they have failed to allege that they sustained special damages or described those damages.  Thus, they have failed to state a claim for slander of title.  *See, e.g., Bragg v. Bank of Am., N.A.*, No. 1:14-564-WSD, 2014 U.S. Dist. LEXIS 70071, at *13-14 n.6 (N.D. Ga. May 21, 2014) (dismissing slander of title claim because the plaintiff did "not identify any specific false statement made by Defendants and he fail[ed] to plead any special damages he sustained").

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss Plaintiffs' slander of title claim be **GRANTED**.

E.     **Declaratory Relief**

"In order to bring a declaratory judgment action an actual controversy must exist." *Lubin v. Cincinnati Ins. Co.*, No. 1:09-CV-1156-RWS, 2009 U.S. Dist. LEXIS 112019, at \*9 (N.D. Ga. Nov. 30, 2009); *see also* O.C.G.A. § 9-4-2(a) (providing that declaratory judgments may be issued in "cases of actual controversy"). "The issue is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Lubin*, 2009 U.S. Dist. LEXIS 112019, at \*9 (internal quotations omitted).

Plaintiffs contend that "[a]n actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Trust Deed" because "Defendants do not have authority to foreclose upon and sell the Property." (Doc. 1 at 11). Plaintiffs "request a judicial determination of the rights, obligations and interest of the parties with regard to the Property," and "a determination of whether any Defendant has authority to foreclose on the Property." (*Id.* at 11-12).

Plaintiffs have not stated a claim for declaratory relief because they have not demonstrated that an actual controversy exists. In particular, they have alleged no facts that show that they do not owe the amounts due under the mortgage loan at

issue, or that Defendants do not have authority to foreclose on the subject property pursuant to the terms of the Security Deed, or that Defendants have acted wrongfully in foreclosing (or attempting to foreclose) on the property. Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss Plaintiffs' claim for declaratory relief be **GRANTED**. *See, e.g.*, *Lewis v. PNC Bank, N.A.*, No. 2:13-CV-69-RWS, 2013 U.S. Dist. LEXIS 180297, at *18-19 (N.D. Ga. Dec. 26, 2013) (dismissing plaintiff's request for declaratory judgment on his wrongful foreclosure claim because there were "no allegations demonstrating the existence of an actual controversy"); *Walker v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-133-TCB, 2013 U.S. Dist. LEXIS 177236, at *13 (N.D. Ga. Dec. 18, 2013) (dismissing plaintiff's request for declaratory relief because "JPMorgan unquestionably had full authority to enforce the security deed, through the power of sale, as evidenced by its recording of the assignment from WaMu in November 2012").

### F.   <u>Rescission</u>

Plaintiffs allege that they are entitled to rescind the loan transaction pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., for failure to make certain disclosures under the Act.  (*See* Doc. 1 at 12).  Plaintiffs' claim is barred, however, because "a party seeking rescission under TILA must do so within three years of the closing of the loan." *Constantin v. Wells Fargo, N.A.*, No. 2:13-CV-00155-

RWS, 2014 U.S. Dist. LEXIS 24842, at \*10 (N.D. Ga. Feb. 27, 2014) (citing 15 U.S.C. § 1635(f)).   Because the loan at issue was closed on June 23, 2005, Plaintiff's rescission claim brought on January 7, 2014 is untimely.   *See id.* (finding plaintiff's rescission claim, filed more than five years after the closing date, to be untimely).   Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss Plaintiffs' rescission claim be **GRANTED**.

## Conclusion

The undersigned finds that Plaintiffs' Complaint contains no more than "labels and conclusions," *Twombly*, 550 U.S. at 555, and "naked assertion[s] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (internal quotation omitted).   Plaintiffs have thus failed to satisfy the pleading requirements of Rule 8, *Twombly* and *Iqbal*, even taking their *pro se* status into account.   *See Washington v. CSX Transp. (R.R.)*, No. CV408-247, 2009 U.S. Dist. LEXIS 12903, at \*4-5 (S.D. Ga. Mar. 9, 2009) ("[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief.   Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief.   He thus must assert non-conclusory allegations supporting the elements of his claims."), *adopted by* 2009 U.S. Dist. LEXIS 39308 (S.D. Ga. May 8, 2009).

The undersigned acknowledges that where a "more carefully drafted complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile. *Lee v. Alachua Cnty.*, 461 Fed. Appx. 859, 860 (11th Cir. 2012) (unpublished decision). In this case, however, a more carefully drafted complaint would not state a claim, and it would be futile to allow Plaintiffs to amend their Complaint. The Complaint is utterly devoid of facts to support Plaintiffs' claims, and despite having an opportunity to do so, they made no showing in response to Defendants' motion to dismiss to suggest that even with additional factual enhancement they could plausibly state a claim against these Defendants.

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss (Doc. 3) be **GRANTED**, and Plaintiffs' Complaint be **DISMISSED with prejudice**.[2] *See, e.g.*, *Jorgensen v. Fed. Home Loan Mortg. Corp.*, Civil Action No. 2:12–CV–00236–RWS, 2013 U.S. Dist. LEXIS 130963, at *12-14 (N.D. Ga. Sept. 13, 2013) (dismissing *pro se* plaintiff's complaint with prejudice because it would be futile to allow him to amend his complaint and because "the documents relevant to the foreclosure proceedings fail to demonstrate the plausibility of a

---

[2] Because Plaintiffs' Complaint fails to state a claim on which relief can be granted, it is unnecessary to reach Defendants' contentions about Plaintiffs' failure to serve them properly. (*See* Doc. 3-1 at 4-7).

18

claim based on those proceedings"); *McFarland v. BAC Home Loans Servicing, LP*, Civil Action No. 1:11–CV–04061–RWS, 2012 U.S. Dist. LEXIS 82638 (N.D. Ga. June 14, 2012) (granting defendant's motion to dismiss *pro se* plaintiff's similar complaint alleging wrongful foreclosure and to quiet title, and dismissing complaint with prejudice); *Woodberry v. Bank of Am., N.A.*, No. 1:11-CV-3637, 2012 U.S. Dist. LEXIS 4197 (N.D. Ga. Jan. 12, 2012) (same).

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned Magistrate Judge.

**IT IS SO REPORTED AND RECOMMENDED** this 24th day of June, 2014.

  /s/  J. CLAY FULLER
J. CLAY FULLER
United States Magistrate Judge