IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ROBERT D. CREEL and HEATHER L. CREEL, : : : Plaintiffs, : : v. : : JP MORGAN CHASE BANK, NA : and US BANK NATIONAL : ASSOCIATION as trustee, : successor in Mortgage Trust 2005-A6, : : Defendants. : | CIVIL ACTION NO. 2:14-cv-00006-WCO-JCF |

**<u>ORDER</u>**

The court has before it for consideration the magistrate judge's report and recommendation ("R&R") dated June 24, 2014 [9]. Plaintiffs assert a number of claims arising from defendants' foreclosing on their home. Defendants filed a motion to dismiss [3], and plaintiffs failed to file a response. The magistrate judge recommends dismissing plaintiffs' complaint because it fails to state a claim. The magistrate judge notes that plaintiffs' complaint hinges on the "produce the note" argument that has been "repeatedly rejected by this court." (R&R 6, ECF No. 9). The magistrate judge notes that plaintiffs failed to participate in this case beyond filing

their complaint and suggests that plaintiffs' complaint should be dismissed with prejudice. (R&R 18-19, ECF No. 9).

The court generally agrees with the magistrate judge's R&R. To be sure, plaintiffs' complaint falls far short of federal pleading standards, and plaintiffs' foreclosure-related claims should be dismissed with prejudice because they are based on a defective legal theory.

Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim is equally deficient from a pleadings standpoint. As noted by the magistrate judge, plaintiffs fail to allege any facts as to how defendants violated the FDCPA. This is a technical defect as opposed to a substantive flaw in plaintiffs' claim; the court cannot say that an amendment would not cure the defects in plaintiffs' FDCPA claim. The court *must* allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice" unless allowing an opportunity to amend would be futile. *See Lee v. Alachua Cnty.*, 461 F. App'x 859, 860 (11th Cir. 2012). Because the court cannot say that any amendment to plaintiffs' FDCPA claim would be futile, their FDPCA claim should be dismissed *without prejudice.*

Therefore, after a careful review of the record, the court hereby **APPROVES** and **ADOPTS in part** the magistrate judge's R&R [9] as the order of this court. Defendants' motion to dismiss [3] is hereby **GRANTED**. The court holds that all of

plaintiffs' claims, excluding plaintiffs' FDCPA claim, should be **DISMISSED with prejudice** for the reasons stated in the R&R.  Plaintiffs' FDCPA claim is **DISMISSED without prejudice** because it alleges nothing more than conclusory assertions that defendants violated the FDCPA.  The court **DECLINES** to adopt the magistrate judge's recommendation to dismiss with prejudice plaintiffs' FDCPA claim.

IT IS SO ORDERED, this 19th day of August, 2014.

s/*William C. O'Kelley*
William C. O'Kelley
Senior United States District Judge